**CLOSING**

**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JONINE TOLENTINO** *Plaintiff,* v. **COMMISSIONER OF SOCIAL SECURITY,** *Defendant.* | **Civil Action No. 18-3198** **OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on pro se Plaintiff Jonine Tolentino's ("Plaintiff") request for review of Administrative Law Judge Theresa Merrill's (the "ALJ") decision regarding Plaintiff's application for Supplemental Security Income ("SSI") Benefits, pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g). For the reasons set forth in this Opinion, the Commissioner of Social Security's (the "Commissioner") decision is **AFFIRMED**.

**I.    STANDARD OF REVIEW AND APPLICABLE LAW**

**A. Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). The Commissioner's application of legal precepts is subject to plenary review, but his factual findings must be affirmed if they are supported by substantial evidence. Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also McCrea v. Comm'r of Soc.

1

Sec., 370 F.3d 357, 360 (3d Cir. 2004) (explaining that substantial evidence is "less than a preponderance").

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the ALJ's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the [Plaintiff] and corroborated by family and neighbors; and (4) the [Plaintiff's] educational background, work history, and present age." Holley v. Colvin, 975 F. Supp. 2d 467, 475 (D.N.J. 2013), aff'd 590 F. App'x 167 (3d Cir. 2014).

**B. The Five-Step Disability Test**

Under the Social Security Act ("the Act"), disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1). To determine whether a claimant is disabled under the Act, the Commissioner applies a five-step test. 20 C.F.R. § 416.920. First, the Commissioner must determine whether the claimant is currently engaging in "substantial gainful activity." Id. "Substantial gainful activity" is work activity involving physical or mental

activities that are "usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 416.972. If the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at 503.

Alternatively, if the Commissioner determines that the claimant is not engaged in substantial gainful activity, then the analysis proceeds to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. § 416.905(a). The regulations provide that a severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. See id.

At the third step, the Commissioner must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404 Subpart P Appendix 1. 20 C.F.R. § 416.920(d). If so, a disability is conclusively established and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the analysis proceeds.

Prior to the fourth step, the Commissioner must determine the claimant's "residual functional capacity" ("RFC") to perform work activities despite the limitations from the claimant's impairments. 20 C.F.R. §§ 416.920(e); 416.945. In considering a claimant's RFC, the Commissioner must consider "all the relevant medical and other evidence" in the claimant's record. 20 C.F.R. § 416.920(e). Then, at step four, the Commissioner must decide if the claimant has the RFC to perform his past relevant work. 20 C.F.R. §416.920(f). If so, then the claim for benefits must be denied. 20 C.F.R. § 416.960(b)(3).

Finally, at the fifth step, if the claimant is unable to engage in past relevant work, the Commissioner must ask whether "work exists in significant numbers in the national economy that

[the claimant] can do given [her] residual functional capacity and vocational factors." 20 C.F.R. § 416.960(c). The claimant bears the burden of establishing steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The burden of proof shifts to the Commissioner at step five. Id.

## II. BACKGROUND

### A. Procedural History

Plaintiff filed an application for SSI on October 29, 2013, alleging that she became disabled on March 31, 2012. Administrative Transcript ("Tr.") 25, ECF No. 17. Her claim was initially denied on June 4, 2014. Tr. 93. Plaintiff requested that the Agency reconsider her claim, and on September 17, 2014, her claim was again denied. Tr. 106.

On October 17, 2014, Plaintiff requested that an Administrative Law Judge review her claim. See Tr. 72. Plaintiff appeared at a hearing before ALJ Theresa Merrill on October 18, 2016 in Newark, New Jersey. See Tr. 45-92. Plaintiff was represented by counsel at the hearing. Tr. 26. In a decision dated June 21, 2017, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. Tr. 22-38.

On July 22, 2017, Plaintiff requested that the Appeals Council review the ALJ's decision. Tr. 14. The Appeals Council denied Plaintiff's request for review on January 5, 2018. Tr. 1-4. This Action followed. Plaintiff filed her pro se Complaint in this Court on March 6, 2018. ECF No. 1.

### B. General Background

Plaintiff was born November 12, 1965, and she applied for SSI disability benefits in 2012, when she was 46 years old. Tr. 52. Plaintiff alleged disability due to hypertension, heart palpitations, panic attacks, migraines, vertigo, and back problems. Tr. 216. Plaintiff has a high

4

school education and graduated from cosmetology school. Tr. 217. She has work experience as a recruiter at a tutoring company, a saleswoman and receptionist at a car dealership, and a server at a small restaurant. Tr. 229.

In a Function Report dated March 10, 2014, Plaintiff reported that she lives in a house with her family. Tr. 235. She stated that she spends her days bringing her son to and home from school, performing light house cleaning, and cooking dinner. Tr. 235. She is able to drive and grocery shop, and she tries to get outside every day. Tr. 237-38. She stated that many tasks, like lifting heavy objects, cause pain to her neck, back, and leg. Tr. 236-37. She expressed that although she has never been able to lift heavy things, the pain has gotten worse and she can no longer stand, sit, walk, kneel, bend, or climb stairs without experiencing pain. Tr. 239-40.

### C. Medical History

The Commissioner has summarized the medical evidence in his brief. See Def. Mem., ECF No. 27, at 4-11. The Court will address the medical evidence only where necessary to the adjudication of Plaintiff's claim in Section III, infra.

### D. ALJ Decision

The ALJ determined that Plaintiff was not disabled under the five-step framework. At step one, the ALJ concluded that although Plaintiff was self-employed between 2013-2015, after the onset of her alleged disability, this activity did not rise to the level of substantial gainful activity and that Plaintiff has not otherwise engaged in substantial gainful activity since the alleged onset date. Tr. 27. At step two, the ALJ determined that Plaintiff's cervical spondylosis, lumbar spondylosis, left elbow epicondylitis, adjustment disorder with depressive mood, and anxiety disorder with panic attacks qualified as severe impairments. Tr. 27-28. The ALJ considered other impairments alleged by Plaintiff and determined that they did not meet the definition of "severe,"

because Plaintiff's symptoms were not persistent, or the conditions had otherwise been resolved. Tr. 28. At step three, the ALJ found that none of Plaintiff's impairments, individually or collectively, met or medically equaled the criteria of a listed impairment. Tr. 28-30.

Before moving on to step four, the ALJ found that Plaintiff's residual functional capacity ("RFC") to be as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work, as defined in 20 CFR 416.967(b). More specifically, the claimant can lift and/or carry up to 10 pounds frequently and up to 20 pounds on occasion, push and/or pull at similar limits, sit for six hours in an eight-hour workday, and stand and/or walk for six hours in an eight-hour workday. Moreover, the claimant is able to occasionally climb ladders, ropes, scaffolds, ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; occasionally push or pull with the bilateral upper extremities; and frequently reach overhead with the bilateral upper extremities. In addition, the claimant is able to carry out simple instructions; perform work that is not at high production pace; tolerate occasional contact with supervisors, coworkers and the public; and can perform work that is not in a team environment. Furthermore, the claimant is able to adapt to routine changes in the workplace that are occasional and gradually introduced. However, she would be absent once per month due to her impairments and because of lapses in concentration and her need to alternate from sitting to standing, she would be off task five percent of the day.

Tr. 30. In reaching this thorough RFC determination, the ALJ evaluated medical testimony on the record and provided cogent reasons for discounting the opinions of certain medical experts. See, e.g., Tr. 32-33 (giving partial weight to internist Dr. Paul Krisna's disability impairment questionnaire, because it was inconsistent with Dr. Krisna's own office notes); Tr. 35 (acknowledging that one of Plaintiff's treating psychologists concluded in 2016 that Plaintiff's anxiety and depression are "associated with significant functional impairment," Tr. 676, but concluding that this "assessment is too vague to quantify and [the psychologist] failed to propose specific vocational limitations").

As for Plaintiff's statements of her pain and symptoms, the ALJ considered the Plaintiff's testimony, ultimately concluding that "the claimant's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are only partially supported by the medical evidence and other evidence in the record." Tr. 35.  In reaching this conclusion, the ALJ specifically compared Plaintiff's statements to medical evidence on the record.  See, e.g., Tr. 31 (comparing Plaintiff's statements that she has chronic back pain, left arm pain, and neuropathy to normal musculoskeletal and neurological findings in physical exams in 2013 and 2014) (citing Tr. 351, 498); Tr. 36 (explaining that although Plaintiff complained of severe IBS, the records indicate that she never followed up for gastrointestinal treatment) (citing 496-99, 535).

At step four, the ALJ found that Plaintiff is unable to perform relevant past work.  Tr. 36. However, because Plaintiff is a younger individual, can speak English, and has a high school education, at step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as office helper, merchandise marker, and stamper.  Tr. 37-38.  The ALJ reached this conclusion based on the testimony of a vocational expert, who specifically considered if Plaintiff's additional limitations to light work precluded her from being able to work.  Tr. 37.  The ALJ thus concluded that Plaintiff was not disabled within the meaning of the Act.  Tr. 38.

### III.  ANALYSIS

Plaintiff's complaint failed to raise any specific errors by the ALJ.  See ECF No. 1.  Since filing her complaint, however, Plaintiff has written several letters to the Court.  In those letters, Plaintiff alleges that a social security psychiatrist report was never shown to nor mentioned by the

ALJ, and that the attorney she hired to represent her before the ALJ lost some medical records. ECF Nos. 19, 25.  In these letters, she additionally emphasizes and describes her medical impairments, including medical impairments that do not appear to be raised before the ALJ.  See id.

In appealing an ALJ's determination, the Plaintiff has the burden of explaining how "the error to which he points could have made any difference."  See Holloman v. Comm'r Soc. Sec., 639 F. App'x 810, 814 (3d Cir. 2016) (internal quotation marks and citation omitted); see also id. (refusing to remand despite a potentially deficient step three analysis because the plaintiff did not allege how the listing analysis would change if properly analyzed).  Plaintiff has not met this burden.

It is difficult for this Court to meaningfully address the arguments raised in Plaintiff's letters.  As for the psychiatrist report Plaintiff claims the ALJ never considered, Plaintiff does not explain who authored the psychiatrist report nor does she explain what that psychiatrist report said. See ECF No. 25.  In fact, the ALJ considered all of the medical testimony in the record, including two evaluations by state agency consultative psychologists, Drs. Andrew D. Rosen and Michael D'Adamo, who determined that Plaintiff's cognitive function was mildly limited, and that she "is able to understand and follow simple instructions, to sustain pace, persistence, concentration and attention for at least 2-hour segments during a normal workday and to relate and adapt in work-like settings." Tr. 35 (citing Tr. 103, 117).  These conclusions support the ALJ's disability determination.

As for the allegation that her attorney lost certain medical documents, again Plaintiff fails to elaborate on which documents her attorney lost and how those documents would impact her case.  See ECF No. 25.  Moreover, at the beginning of Plaintiff's hearing before the ALJ on

October 18, 2016, the ALJ ordered the Social Security Administration to subpoena three pieces of evidence that Plaintiff's attorney noted were missing from the record. Tr. 48-51. From the record, it appears that the Social Security Administration was successful in obtaining those documents, and the ALJ considered them in making her disability determination. See Tr. 696-731 (exhibits 24F-29F, which were not before the ALJ at the time of the hearing).[1]

Finally, Plaintiff's letters list her medical impairments, most of which were considered by the ALJ in reaching her disability determination. ECF No. 25. For example, Plaintiff states that she has high blood pressure. ECF No. 25. The ALJ considered Plaintiff's high blood pressures and concluded that it was not a severe impairment because, although Plaintiff required acute care for elevated blood pressure one time in October 2013, her blood pressure has remained stable since. Tr. 28; see also Tr. 349-54, 60-77. Additionally, although Plaintiff describes experiencing vertigo and migraines, ECF No. 25, the ALJ summarized record evidence where Plaintiff "repeatedly denied experiencing headaches, dizziness, imbalance and vertigo during [medical] exams in 2016," Tr. 28; see also Tr. 563-70. Finally, Plaintiff mentions that she had thyroid cancer, ECF No. 25, but, as noted by the ALJ, Plaintiff underwent surgery in 2017 for the cancer and has not report any significant complications since, Tr. 28; see also 725-28.

In her letters, Plaintiff also notes that she suffers from Lyme Disease and fibromyalgia. ECF No. 25. The ALJ did not mention either of these conditions in her opinion. The record suggests, however, that these impairments were never raised before the ALJ. Moreover, the medical records the ALJ considered do not indicate any formal diagnosis of these conditions. See,

---

[1] In Plaintiff's request for review of the ALJ's determination to the Appeals Council, Plaintiff included a medical update from Dr. Krisna, one of Plaintiff's examining physicians. See Tr. 8-10. The Appeals Council declined to consider this evidence, because it was dated after the ALJ made her determination and thus not relevant to Plaintiff's current claim. The Appeals Council invited Plaintiff to file a new application and explained to her that "filing a new application is not he same as filing a civil action." Tr. 2. Plaintiff does not appear to have filed a new application and does not seem to otherwise challenge the Appeals Council's determination.

e.g., 551-55, 699 (treating physician questionnaires do not indicate that Plaintiff suffers from either impairment).

Plaintiff has thus failed to meet her burden of showing how she could have prevailed if the ALJ had been more thorough. See Holloman v. Comm'r Soc. Sec., 639 F. App'x at 814.

## IV. CONCLUSION

For the foregoing reasons, the determination of the Commissioner is **AFFIRMED.**

Date: November 5th, 2020            **/s/ Madeline Cox Arleo**
                                           **Hon. Madeline Cox Arleo**
                                           **UNITED STATES DISTRICT JUDGE**